UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VULCAN MATERIALS COMPANY and<br>FLORIDA ROCK INDUSTRIES, INC.,<br><br>Defendants. | CASE NO.: 1:07-cv-02044<br><br>JUDGE: Sullivan, Emmet G.<br><br>DECK TYPE: Antitrust<br><br>DATE STAMP: |

## PLAINTIFF UNITED STATES' RESPONSE TO PUBLIC COMMENTS

Pursuant to the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA" or "Tunney Act"), the United States hereby responds to the one public comment received regarding the proposed Final Judgment in this case. After careful consideration of the comment, the United States continues to believe that the proposed Final Judgment will provide an effective and appropriate remedy for the antitrust violations alleged in the Complaint. The United States will move the Court for entry of the proposed Final Judgment after the public comment and this Response have been published in the *Federal Register*, pursuant to 15 U.S.C. § 16(d).

On November 13, 2007, the United States filed the Complaint in this matter alleging that the proposed acquisition of Florida Rock Industries, Inc. ("Florida Rock") by Vulcan Materials Company ("Vulcan") would violate Section 7 of the Clayton Act, 15 U.S.C. § 18. Simultaneously with the filing of the Complaint, the United States filed a proposed Final Judgment and a Hold Separate Stipulation and Order ("HSSO") signed by plaintiff and the

defendants, consenting to the entry of the proposed Final Judgment after compliance with the requirements of the Tunney Act, 15 U.S.C. § 16. Pursuant to those requirements, the United States filed its Competitive Impact Statement ("CIS") in this Court, also on November 13, 2007; published the proposed Final Judgment and CIS in the *Federal Register* on December 4, 2007, *see United States v. Vulcan Materials Company and Florida Rock Industries, Inc.*, 72 Fed. Reg. 68189; and published summaries of the terms of the proposed Final Judgment and CIS, together with directions for the submission of written comments relating to the proposed Final Judgment, in *The Washington Post* for seven days beginning on December 16, 2007 and ending on December 22, 2007. The 60-day period for public comments ended on February 20, 2008, and one comment was received as described below and attached hereto.

I.

## THE INVESTIGATION AND PROPOSED RESOLUTION

On February 19, 2007, Vulcan and Florida Rock entered into an agreement for Vulcan to acquire Florida Rock in a cash-and-stock transaction. For the next nine months, the United States Department of Justice ("Department") conducted an extensive, detailed investigation into the competitive effects of the Vulcan/Florida Rock transaction. As part of this investigation, the Department obtained substantial documents and information from the merging parties and issued six Civil Investigative Demands to third parties. The Department received and considered more than 130 boxes of hard copy material and over 280,000 electronic files. More than 130 interviews were conducted with customers, competitors, and other individuals with knowledge of the industry. The investigative staff carefully analyzed the information provided and thoroughly considered all of the issues presented. The Department considered the potential competitive

effects of the transaction on coarse aggregate sold in a number of different geographic areas, obtaining information about this product and these areas from customers, competitors, and other knowledgeable parties. The Department concluded that the combination of Vulcan and Florida Rock likely would lessen competition in the production, distribution and sale of coarse aggregate in eight different geographic markets.

Coarse aggregate is crushed stone produced at quarries and used for such things as road base and the production of ready mix concrete and asphalt. There are no reliable substitutes for coarse aggregate, and to the extent that any substitutes exist they are already being used by customers to the fullest extent possible, and their use cannot be increased in response to an increase in the price of coarse aggregate. A small but significant increase in price would not likely cause coarse aggregate consumers to switch products or otherwise reduce their usage of coarse aggregate so as to make the price increase unprofitable.

The eight separate geographic markets in which Vulcan's acquisition of Florida Rock would lessen competition substantially are: Northwest Atlanta, West Atlanta, Southwest Atlanta, South Atlanta, Southeast Atlanta, Georgia; Columbus, Georgia; Chattanooga, Tennessee; and South Hampton Roads, Virginia. In each market, certain Vulcan and Florida Rock quarries competed with each other, and usually also with one or two other companies, to serve customers in that market, and customers with plants or jobs within that market were not able to turn to other suppliers because their quarries were too far away and their hauling costs were too great.

As explained more fully in the Complaint and CIS, the acquisition of Florida Rock by Vulcan would have substantially increased concentration and lessened competition in the production, distribution and sale of coarse aggregate in each of the eight affected geographic

markets. In the affected markets, the acquisition would have reduced the number of suppliers from four to three, from three to two, or from two to one; would have eliminated competition between Vulcan and Florida Rock; and would have increased the likelihood that Vulcan would unilaterally increase the price of coarse aggregate to a significant number of customers. In certain markets, the acquisition also would have facilitated coordination among the remaining coarse aggregate suppliers. In every affected market, it was likely that the acquisition would lead to higher prices. Therefore, the Department filed its Complaint alleging competitive harm in the coarse aggregate product market in each of the eight affected geographic markets, and sought a remedy that would ensure that such harm is prevented. For each of the eight affected geographic markets, the proposed Final Judgment requires the divestiture of a quarry serving that market, and in the case of South Hampton Roads also requires the divestiture of one distribution yard.

The proposed Final Judgment in this case is designed to preserve competition in the production, distribution, and sale of coarse aggregate in each of the eight affected geographic markets. The proposed Final Judgment requires the divestiture of sufficient assets to prevent the increase in concentration that resulted from the combination of Vulcan and Florida Rock in each affected market.

## II.

## SUMMARY OF PUBLIC COMMENT AND RESPONSE

During the 60-day public comment period, the United States received only one comment, from the North Lamar County Citizens Association ("NLCCA"), relating primarily to a quarry


markets. In the affected markets, the acquisition would have reduced the number of suppliers from four to three, from three to two, or from two to one; would have eliminated competition between Vulcan and Florida Rock; and would have increased the likelihood that Vulcan would unilaterally increase the price of coarse aggregate to a significant number of customers. In certain markets, the acquisition also would have facilitated coordination among the remaining coarse aggregate suppliers. In every affected market, it was likely that the acquisition would lead to higher prices. Therefore, the Department filed its Complaint alleging competitive harm in the coarse aggregate product market in each of the eight affected geographic markets, and sought a remedy that would ensure that such harm is prevented. For each of the eight affected geographic markets, the proposed Final Judgment requires the divestiture of a quarry serving that market, and in the case of South Hampton Roads also requires the divestiture of one distribution yard.

The proposed Final Judgment in this case is designed to preserve competition in the production, distribution, and sale of coarse aggregate in each of the eight affected geographic markets. The proposed Final Judgment requires the divestiture of sufficient assets to prevent the increase in concentration that resulted from the combination of Vulcan and Florida Rock in each affected market.

## II.

## SUMMARY OF PUBLIC COMMENT AND RESPONSE

During the 60-day public comment period, the United States received only one comment, from the North Lamar County Citizens Association ("NLCCA"), relating primarily to a quarry

located in that county.¹ No comment was received from any coarse aggregate customer located in any of the eight geographic markets, or anywhere else, or from any competitor selling coarse aggregate to such customers. Upon review, the United States believes that nothing in the comment warrants a change in the proposed Final Judgment or is sufficient to suggest that the proposed Final Judgment is not in the public interest. The comment asserts that the relief obtained by the United States in the Southeast Atlanta market is inadequate because it did not require the divestiture of Florida Rock's Lamar County quarry along with the divestiture of Vulcan's Butts County quarry. The United States addresses this concern below and explains how the remedy is appropriate. ²

### A.   *Summary of the Comment Submitted by the NLCCA*

As the President of the organization, Jonathan P. Sexton, states in the NLCCA's comment, Department attorneys spoke with Mr. Sexton during the course of the investigation, and the United States was therefore aware of the Association's concerns about the Lamar quarry.

In its comment, the NLCCA notes that the proposed Final Judgment does not mention the Lamar quarry, which according to the organization received the necessary permits for its operation only on November 9, 2007, four days before the filing of the Complaint and proposed

---

¹ The NLCCA Comment came in two parts, the primary comment by letter dated January 12, 2008, and a supplement by letter dated January 14, 2008.

² The comment also asserts that the quarry identified in the complaint as belonging to one of the defendants' competitors in the South Atlanta market, and located in College Park, Georgia, does not appear in the Mining Directory of Georgia put out by the Georgia Department of Natural Resources, and that the Association is "unaware of any such quarry." The United States does not know why the College Park quarry does not appear in the list of quarries shown on the document attached by the Association. However, it does appear on the Georgia Department of Transportation's website, at http://www.dot.state.ga.us/dot/construction/materials-research/Documents/Pdf/qpl/qpl02.pdf.

5

Final Judgment. The NLCCA asserts that Vulcan "plans to serve southeast Atlanta with not only the Butts County Quarry but the huge 588.50 [acre] Lamar County Quarry," and that allowing Vulcan to continue to operate the Lamar County Quarry "effectively nullifies the effect on competition of the divesting of the Butts County Quarry." The comment states that "the Lamar County Quarry is centered between the Butts County Quarry and the Griffin Quarry," and that there is "no major competition in this area of South and Southeastern Atlanta." The NLCCA concludes by arguing that the proposed Final Judgment (the "Consent Agreement") is "flawed and in error" because of its "failure to address competition in light of the Lamar County Quarry," and that the defendants "should be required to divest of both the Butts County Quarry and the Lamar County Quarry."

### B.   *Response of United States to the NLCCA's s Comment*

The United States has carefully considered the NLCCA's comment, but disagrees that failure to require the divestiture of the Lamar quarry will have any adverse effect on competition. As noted in the comment, the three quarries nearest to one another in the area around Lamar County are: 1) the Griffin Quarry, which had been owned by Florida Rock; 2) the Lamar County quarry project, to the southeast of the Griffin quarry, which was being developed by Florida Rock; and 3) the Butts County quarry project, still further to the east, which was being developed by Vulcan. The key fact is that the Griffin quarry and the Lamar County project were both owned by Florida Rock, and there would have been no competition between these two quarries whether or not Florida Rock had been acquired by Vulcan. The Butts County project, on the other hand, was being developed by Vulcan, and this quarry thus would have provided independent competition to the Florida Rock quarries in the area but for the acquisition. It is this

competition – the competition provided by the Butts County quarry – that would have been removed by Vulcan's acquisition of Florida Rock. And it is this competition that the Final Judgment preserves by requiring that the Butts quarry project be divested. Requiring divestiture of the Lamar County quarry as well as the Butts quarry would go well beyond what is needed to restore competition in the Southeast Atlanta market, which is why the United States did not seek to have this divestiture included in the Final Judgment.

## III.

## CONCLUSION

The issues raised in the public comment were among the many considered during the extensive and thorough investigation. The United States has determined that the proposed Final Judgment provides an effective and appropriate remedy for the antitrust violations alleged in the Complaint, and is therefore in the public interest. The United States will move this Court to enter the proposed Final Judgment after the comment and response are published.

Dated: March 18, 2008

Respectfully submitted,

Robert W. Wilder / HMG
Robert W. Wilder
Attorney

U.S. Department of Justice
Antitrust Division
Litigation II Section
1401 H Street, N.W., Suite 3000
Washington, DC 20530
Telephone: (202) 307-0924

## CERTIFICATE OF SERVICE

I, Robert W. Wilder, hereby certify that on the __18th__ day of March, 2008, I caused a copy of the foregoing Plaintiff United States' Response to Public Comments with attachments to be mailed, by U.S. mail, postage prepaid, to the attorneys listed below:

**Counsel for Defendant Vulcan Materials Company:**

Joseph D. Larson, Esquire
Wachtell, Lipton, Rosen & Katz LLP
51 West 52nd Street
New York, New York 10019
(212) 403-1000
JDLarson@wlrk.com

**Counsel for Defendant Florida Rock Industries, Inc.:**

Laura A. Wilkinson, Esquire
Weil, Gotshal & Manges LLP
1300 I Street, NW, Suite 900
Washington, D.C. 20005
(202) 682-7005
laura.wilkinson@weil.com

**North Lamar County Citizens Association**

Jonathan P. Sexton, President
P.O. Box 516
Milner, Georgia 30257
(770)474-9335
jonsclerk@yahoo.com