**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>VULCAN MATERIALS COMPANY and<br>FLORIDA ROCK INDUSTRIES, INC.,<br><br>        Defendants. | CASE NO.: 1:07-cv-02044<br><br>JUDGE: Sullivan, Emmet G.<br><br>DECK TYPE: Antitrust<br><br>DATE STAMP: |

## PLAINTIFF UNITED STATES' AMENDED RESPONSE TO PUBLIC COMMENTS

Pursuant to the requirements of the Antitrust Procedures and Penalties Act, 15 U.S.C.

§ 16(b)-(h) ("APPA" or "Tunney Act"), the United States hereby responds to the one public

comment received regarding the proposed Final Judgment in this case. After careful

consideration of the comment, the United States continues to believe that the proposed Final

Judgment will provide an effective and appropriate remedy for the antitrust violations alleged in

the Complaint. The United States will move the Court for entry of the proposed Final Judgment

after the public comment and this Response have been published in the *Federal Register*,

pursuant to 15 U.S.C. § 16(d).

On November 13, 2007, the United States filed the Complaint in this matter alleging that

the proposed acquisition of Florida Rock Industries, Inc. ("Florida Rock") by Vulcan Materials

Company ("Vulcan") would violate Section 7 of the Clayton Act, 15 U.S.C. § 18.

Simultaneously with the filing of the Complaint, the United States filed a proposed Final

Judgment and a Hold Separate Stipulation and Order ("HSSO") signed by plaintiff and the

defendants, consenting to the entry of the proposed Final Judgment after compliance with the

requirements of the Tunney Act, 15 U.S.C. § 16. Pursuant to those requirements, the United

States filed its Competitive Impact Statement ("CIS") in this Court, also on November 13, 2007;

published the proposed Final Judgment and CIS in the *Federal Register* on December 4, 2007,

*see United States v. Vulcan Materials Company and Florida Rock Industries, Inc.,* 72 Fed. Reg.

68189; and published summaries of the terms of the proposed Final Judgment and CIS, together

with directions for the submission of written comments relating to the proposed Final Judgment,

in *The Washington Post* for seven days beginning on December 16, 2007 and ending on

December 22, 2007. The 60-day period for public comments ended on February 20, 2008, and

one comment was received as described below and attached hereto.

## I.

## THE INVESTIGATION AND PROPOSED RESOLUTION

On February 19, 2007, Vulcan and Florida Rock entered into an agreement for Vulcan to

acquire Florida Rock in a cash-and-stock transaction. For the next nine months, the United

States Department of Justice ("Department") conducted an extensive, detailed investigation into

the competitive effects of the Vulcan/Florida Rock transaction. As part of this investigation, the

Department obtained substantial documents and information from the merging parties and issued

six Civil Investigative Demands to third parties. The Department received and considered more

than 130 boxes of hard copy material and over 280,000 electronic files. More than 130

interviews were conducted with customers, competitors, and other individuals with knowledge of

the industry. The investigative staff carefully analyzed the information provided and thoroughly

considered all of the issues presented. The Department considered the potential competitive

effects of the transaction on coarse aggregate sold in a number of different geographic areas,

2

obtaining information about this product and these areas from customers, competitors, and other knowledgeable parties. The Department concluded that the combination of Vulcan and Florida Rock likely would lessen competition in the production, distribution and sale of coarse aggregate in eight different geographic markets.

Coarse aggregate is crushed stone produced at quarries and used for such things as road base and the production of ready mix concrete and asphalt. There are no reliable substitutes for coarse aggregate, and to the extent that any substitutes exist they are already being used by customers to the fullest extent possible, and their use cannot be increased in response to an increase in the price of coarse aggregate. A small but significant increase in price would not likely cause coarse aggregate consumers to switch products or otherwise reduce their usage of coarse aggregate so as to make the price increase unprofitable.

The eight separate geographic markets in which Vulcan's acquisition of Florida Rock would lessen competition substantially are: Northwest Atlanta, West Atlanta, Southwest Atlanta, South Atlanta, Southeast Atlanta, Georgia; Columbus, Georgia; Chattanooga, Tennessee; and South Hampton Roads, Virginia. In each market, certain Vulcan and Florida Rock quarries competed with each other, and usually also with one or two other companies, to serve customers in that market, and customers with plants or jobs within that market were not able to turn to other suppliers because their quarries were too far away and their hauling costs were too great.

As explained more fully in the Complaint and CIS, the acquisition of Florida Rock by Vulcan would have substantially increased concentration and lessened competition in the production, distribution and sale of coarse aggregate in each of the eight affected geographic markets. In the affected markets, the acquisition would have reduced the number of suppliers

3

from four to three, from three to two, or from two to one; would have eliminated competition between Vulcan and Florida Rock; and would have increased the likelihood that Vulcan would unilaterally increase the price of coarse aggregate to a significant number of customers. In certain markets, the acquisition also would have facilitated coordination among the remaining coarse aggregate suppliers. In every affected market, it was likely that the acquisition would lead to higher prices. Therefore, the Department filed its Complaint alleging competitive harm in the coarse aggregate product market in each of the eight affected geographic markets, and sought a remedy that would ensure that such harm is prevented. For each of the eight affected geographic markets, the proposed Final Judgment requires the divestiture of a quarry serving that market, and in the case of South Hampton Roads also requires the divestiture of one distribution yard.

The proposed Final Judgment in this case is designed to preserve competition in the production, distribution, and sale of coarse aggregate in each of the eight affected geographic markets. The proposed Final Judgment requires the divestiture of sufficient assets to prevent the increase in concentration that resulted from the combination of Vulcan and Florida Rock in each affected market.

## II.

## SUMMARY OF PUBLIC COMMENT AND RESPONSE

During the 60-day public comment period, the United States received only one comment, from the North Lamar County Citizens Association ("NLCCA"), relating primarily to a quarry located in that county.[1] No comment was received from any coarse aggregate customer located

---

[1] The NLCCA Comment came in two parts, the primary comment by letter dated January 12, 2008, and a supplement by letter dated January 14, 2008. A copy of the January 12, 2008 letter is attached hereto as Exhibit A and a copy of the January 14, 2008 letter is attached hereto

in any of the eight geographic markets, or anywhere else, or from any competitor selling coarse

aggregate to such customers.  Upon review, the United States believes that nothing in the

comment warrants a change in the proposed Final Judgment or is sufficient to suggest that the

proposed Final Judgment is not in the public interest.  The comment asserts that the relief

obtained by the United States in the Southeast Atlanta market is inadequate because it did not

require the divestiture of Florida Rock's Lamar County quarry along with the divestiture of

Vulcan's Butts County quarry.  The United States addresses this concern below and explains how

the remedy is appropriate.[2]

### A.  *Summary of the Comment Submitted by the NLCCA*

As the President of the organization, Jonathan P. Sexton, states in the NLCCA's

comment, Department attorneys spoke with Mr. Sexton during the course of the investigation,

and the United States was therefore aware of the Association's concerns about the Lamar quarry.

In its comment, the NLCCA notes that the proposed Final Judgment does not mention the

Lamar quarry, which according to the organization received the necessary permits for its

operation only on November 9, 2007, four days before the filing of the Complaint and proposed

Final Judgment.  The NLCCA asserts that Vulcan "plans to serve southeast Atlanta with not only

---

as Exhibit B.

[2]  The comment also asserts that the quarry identified in the complaint as belonging to one of the defendants' competitors in the South Atlanta market, and located in College Park, Georgia, does not appear in the Mining Directory of Georgia put out by the Georgia Department of Natural Resources, and that the Association is "unaware of any such quarry."  The United States does not know why the College Park quarry does not appear in the list of quarries shown on the document attached by the Association.  However, it does appear on the Georgia Department of Transportation's website, at
http://www.dot.state.ga.us/dot/construction/materials-research/Documents/Pdf/qpl/qpl02.pdf.

the Butts County Quarry but the huge 588.50 [acre] Lamar County Quarry," and that allowing Vulcan to continue to operate the Lamar County Quarry "effectively nullifies the effect on competition of the divesting of the Butts County Quarry." The comment states that "the Lamar County Quarry is centered between the Butts County Quarry and the Griffin Quarry," and that there is "no major competition in this area of South and Southeastern Atlanta." The NLCCA concludes by arguing that the proposed Final Judgment (the "Consent Agreement") is "flawed and in error" because of its "failure to address competition in light of the Lamar County Quarry," and that the defendants "should be required to divest of both the Butts County Quarry and the Lamar County Quarry."

### B.    *Response of United States to the NLCCA's s Comment*

The United States has carefully considered the NLCCA's comment, but disagrees that failure to require the divestiture of the Lamar quarry will have any adverse effect on competition. As noted in the comment, the three quarries nearest to one another in the area around Lamar County are:  1) the Griffin Quarry, which had been owned by Florida Rock; 2) the Lamar County quarry project, to the southeast of the Griffin quarry, which was being developed by Florida Rock; and 3) the Butts County quarry project, still further to the east, which was being developed by Vulcan. The key fact is that the Griffin quarry and the Lamar County project were both owned by Florida Rock, and there would have been no competition between these two quarries whether or not Florida Rock had been acquired by Vulcan. The Butts County project, on the other hand, was being developed by Vulcan, and this quarry thus would have provided independent competition to the Florida Rock quarries in the area but for the acquisition. It is this competition – the competition provided by the Butts County quarry – that would have been

6

removed by Vulcan's acquisition of Florida Rock. And it is this competition that the Final

Judgment preserves by requiring that the Butts quarry project be divested. Requiring divestiture

of the Lamar County quarry as well as the Butts quarry would go well beyond what is needed to

restore competition in the Southeast Atlanta market, which is why the United States did not seek

to have this divestiture included in the Final Judgment.

## III.

## <u>CONCLUSION</u>

The issues raised in the public comment were among the many considered during the

extensive and thorough investigation. The United States has determined that the proposed Final

Judgment provides an effective and appropriate remedy for the antitrust violations

alleged in the Complaint, and is therefore in the public interest. The United States will move this

Court to enter the proposed Final Judgment after the comment and response are published.

Dated: March 19, 2008                              Respectfully submitted,

                                                   Robert W. Wilder /cat

                                                   Robert W. Wilder
                                                   Attorney
                                                   U.S. Department of Justice
                                                   Antitrust Division
                                                   Litigation II Section
                                                   1401 H Street, N.W., Suite 3000
                                                   Washington, D.C. 20530
                                                   Telephone: (202) 307-0924

## CERTIFICATE OF SERVICE

I, Christine A. Hill, hereby certify that on the 19th day of March, 2008, I caused a copy of the foregoing Plaintiff United States' Amended Response to Public Comments to be delivered electronically and via by U.S. mail, postage prepaid, to the people listed below:

**Counsel for Defendant Vulcan Materials Company**

Joseph D. Larson, Esquire
Wachtell, Lipton, Rosen & Katz LLP
51 West 52nd Street
New York, New York  10019
(212) 403-1000
JDLarson@wlrk.com

**Counsel for Defendant Florida Rock Industries, Inc.**

Laura A. Wilkinson, Esquire
Weil, Gotshal & Manges LLP
1300 I Street, NW, Suite 900
Washington, D.C.  20005
(202) 682-7005
laura.wilkinson@weil.com

**North Lamar County Citizens Association**

Jonathan P. Sexton, President
P.O. Box 516
Milner, Georgia  30257
(770) 474-9335
jonsclerk@yahoo.com

Christine A. Hill



# NORTH LAMAR COUNTY CITIZENS ASSOCIATION

P.O. Box 516
Milner, Georgia 30257

*"QUALITY GROWTH, QUALITY LIFE"*

January 12, 2008

<u>Via Certifiedl Mail Return Receipt No. 1555474410048138605</u>

Maribeth Petrizzi
Chief, Litigation II Section
Antitrust Division, U.S. Department of Justice
1401 H Street, N.W.
Suite 3000
Washington, DC 20530

Re:    USA DOJ v. Vulcan Materias Company and Florida Rock Industries, Inc., Case: !:07-cv-02044

Dear Ms. Petrizzi,

My name is Jonathan Sexton. I am President of the North Lamar County Citizens Association. Please consider this to be our comment pursuant to the Tunney Act regarding the proposed consent decree and the merger of Vulcan Materials Company (Vulcan) and Florida Rock Industries, Inc. (FRI). I read the complaint and the impact with some interest. Let me bring to your attention a major issue that was left out of the impact statement with respect to the anti-competitive effect of this merger on the South Atlanta and Southeast Atlanta markets.

In examining the proposed consent agreement with respect to the South Atlanta and Southeast Atlanta markets, there has been a glaring omission. In paragraph 2(B)(2)(d) and (e) there is no mention of the FRI quarry in development in Lamar County. This quarry is only 9.89 miles from the Vulcan Butts County quarry that is mentioned and is being divested. The Lamar County Quarry is 23 miles from the FRI Griffin Quarry and 29 miles from the Vulcan Stockbridge Quarry. We know that the DOJ is aware of this quarry as I have personally had conversations with Helena Jolly (Gardner) regarding this specific quarry. The quarry received Georgia EPD surface, air, and water permits on November 9, 2007. (A copy of the permits are attached as Exhibit A). This quarry encompasses 588.50 acres in Lamar County and has been described by FRI in public hearings as "one of the best deposits of granite in the State of Georgia outside of Stone Mountain."

As discussed in the impact statement, the issue is competition and competitive pricing in the aggregate industry is typically determined by plant and service locations. Vulcan plans to serve southeast Atlanta with not only the Butts County Quarry but the huge 588.50 Lamar County Quarry. Allowing Vulcan and FRI to operate the Lamar County Quarry effectively nullifies the effect on competition of the divesting of the Butts County Quarry. Vulcan will have effectively ringed in and roped off the southeast Atlanta area from competition if it is allowed to operate this large Lamar County Quarry. Attached as Exhibit 2 is a map of quarries in the area. Flag A is the Butts County Quarry. Flag B is the Lamar County Quarry. Flag R is the Griffin Quarry. All of the blue flags expect for A are competitors. All of the orange flags are Vulcan and FRI quarries. As you can see, the Lamar County Quarry is centered between the Butts County Quarry and the Griffin Quarry. There is no major competition in this area of South and Southeast Atlanta.

● Page 2                                                                    January 12, 2008

There is also an error in paragraph 24 of the complaint and impact statement.  Paragraph 24 of the complaint and paragraph 2(B)(2)(d) of the Impact Statement refer to an unnamed competitors quarry located in College Park, Georgia that acts as a competitor to Defendants.  According to the Mining Directory of Georgia, 21st Edition, Georgia Department of Natural Resources, Environmental Protection Division, there is no such competitor's quarry in College Park, Georiga.   We are unaware of any such quarry.

Clearly, failure to address competition in light of the Lamar County Quarry makes the Consent Agreement flawed and in error with respect to decreasing competition and increasing prices in South and Southeast Atlanta.  Defendants should be required to divest of both the Butts County Quarry and the Lamar County Quarry.

Sincerely,

Jonathan P. Sexton
President, North Lamar County Citizens Association

Cc:       Honorable Emmet G. Sullivan,
           Judge, United States District Court for the District of Columbia

EXHIBIT "A"

PERMIT NO.  GA0038768

## STATE OF GEORGIA
## DEPARTMENT OF NATURAL RESOURCES
## ENVIRONMENTAL PROTECTION DIVISION

### AUTHORIZATION TO DISCHARGE UNDER THE
### NATIONAL POLLUTANT DISCHARGE ELIMINATION SYSTEM

In compliance with the provisions of the Georgia Water Quality Control Act (Georgia Laws 1964, p. 416, as amended), hereinafter called the "State Act;" the Federal Water Pollution Control Act, as amended (33 U.S. C. 1251 et seq.), hereinafter called the "Federal Act;" and the Rules and Regulations promulgated pursuant to each of these Acts,

> Florida Rock Industries, Inc.
> 200 Rockwood Road
> Tyrone, Georgia 30290

is authorized to discharge from a facility located at

> Florida Rock Industries, Inc. - Lamar Quarry (SIC Code 1423)
> Georgia Highway 36 East of Barnesville
> Barnesville, Lamar County, Georgia 30204

to receiving waters

> Little Buck Creek
> (Ocmulgee River Basin)

in accordance with effluent limitations, monitoring requirements and other conditions set forth in Parts I, II and III hereof.

This permit shall become effective on November 2, 2007.

This permit and the authorization to discharge shall expire at midnight, September 30, 2012.



Signed this 2nd day of November, 2007.

Director,
Environmental Protection Division





# State of Georgia
## Department of Natural Resources
### Environmental Protection Division
### Air Protection Branch

# AIR QUALITY PERMIT

**Permit No.**
**1423-171-0012-B-01-0**

**Effective Date**
**NOV 2 2007**

In accordance with the provisions of the Georgia Air Quality Act, O.C.G.A. Section 12-9-1, et seq and the Rules, Chapter 391-3-1, adopted pursuant to and in effect under that Act,

Facility Name:     **Florida Rock Industries, Inc. – Lamar Quarry**

Mailing Address:    200 Rockwood Road
Tyrone, Georgia 30290

is issued a Permit for the following:

Operation of a granite quarry, stone processing plant, and associated air pollution control equipment.

Facility Location: State Road 36
Barnesville, Georgia 30204  (Lamar County)

This Permit is conditioned upon compliance with all provisions of The Georgia Air Quality Act, O.C.G.A. Section 12-9-1, et seq, the Rules, Chapter 391-3-1, adopted and in effect under that Act, or any other condition of this Permit.

This Permit may be subject to revocation, suspension, modification or amendment by the Director for cause including evidence of noncompliance with any of the above; or for any misrepresentation made in Application No. 14620 dated July 25, 2003; any other applications upon which this Permit is based; supporting data entered therein or attached thereto; or any subsequent submittals or supporting data; or for any alterations affecting the emissions from this source.

This Permit is further subject to and conditioned upon the terms, conditions, limitations, standards, or schedules contained in or specified on the attached 9 pages, which pages are a part of this Permit.

_____
Director
Environmental Protection Division





# State of Georgia
# Department of Natural Resources

## ENVIRONMENTAL   PROTECTION   DIVISION

# SURFACE MINING PERMIT

Permit Number: 1471-07                          Date Issued: November 2, 2007

Permittee:    Florida Rock Industries, Inc.          Operation: **Lamar Quarry**
              200 Rockwood Road
              Tyrone, Georgia 30290

County:       **Lamar**                               Permitted Acres:  589

In accordance with the provisions of the Georgia Surface Mining Act of 1968, O.C.G.A. §12-4-70, et seq., and the Rules of the Georgia Department of Natural Resources, Chapter 391-3-3, Surface Mining, both as amended, this Permit is issued for the surface mining operation as recorded hereon and presented in the Application received on **September 23, 2003** and the Mining Land Use Plan approved on **August 23, 2007.**

This Permit is conditioned upon the Operators continued compliance with the provisions of the Georgia Surface Mining Act of 1968, O.C.G.A. §12-4-70, et seq., and the Rules of the Georgia Department of Natural Resources, Chapter 391-3-3, Surface Mining, both as amended; the provisions of the Approved Surface Mining Land Use Plan and Approved Amendments, if any; and any special conditions which may be attached to this Permit.

This Permit shall be rendered null and void should the mining activity not commence within twelve (12) months from the date this Permit becomes final, or should cessation of mining occur for a period of eighteen (18) months without the Operator obtaining an inactive status classification through an Approved Amendment of the Surface Mining Land Use Plan.

_____
Carol A. Couch, Ph.D., Director
Environmemental Protection Division

EXHIBIT "B"

# Rock Quarry Maps

Rock Quarry



● orange   ● green

---

**Vulcan**
Greer Dairy Road
Jackson, GA 30233
Distance: NaN mi
red

A

---

**Florida Rock**
474 Chappell Mill Road
Milner, GA 30257
Distance: 9.89 mi
orange

B

---

**Vulcan**
900 Lois St NW
Atlanta, GA 30318
Distance: 44.63 mi
orange

C

---

**Quarries Inc**
Lexington Carlton Rd
Crawford, GA 30360
Distance: 49.42 mi
green

D

---

**Ga-Carolina Quarries, Inc.**
Billy Stephens Rd
Lexington, GA 30648
Distance: 65.64 mi
green

E

---

orange County Quarries, Inc.
Liberty Church Rd
Siloam, GA 30665
Distance: 55.62 mi
green

**F**

**Sweet City Quarries**
1706 Athens Hwy
Elberton, GA 30635
Distance: 83.97 mi
green

**G**

**Quarries Inc**
6971 Danburg Rd
Tignall, GA 30668
Distance: 88.75 mi
green

**H**

**Florida Rock**
100 Lees Mill Road
Forest Park, GA 30297
Distance: 33.24 mi
orange

**I**

**Hanson Aggregates**
6978 Rogers Lake Road
Lithonia, GA 30058
Distance: 32.85 mi
green

**J**

**Hanson Aggregates**
100 Peggy Lane
Tyrone, GA 30290
Distance: 38.04 mi
green

**K**

**Florida Rock**
240 Rockwood Road
Tyrone, GA 30290
Distance: 38.37 mi
orange

**L**

**Martin Marietta**
301 Park Mill Rd
Auburn, GA 30011
Distance: 53.21 mi
green

**M**

**Martin Marietta**
7856 Hwy 80 N
Thomaston, GA 30286
Distance: 31.96 mi
green

**N**

**Georgia Stone**
1870 Liberty Church Road
orangesboro, ga 30642
Distance: 51.11 mi
green

**O**

**Vulcan**
Vulcan Material Road
Lagrange, GA 30240
Distance: 62.43 mi
orange

**P**

**Vulcan**
5414 Buffing Road
orange Oak, GA 30272

**Q**

Distance: 38.71 mi
orange

---

**Florida Rock**
978 Rover-Zetella Rd
Griffin, GA 30223
Distance: 22.59 mi
orange

R

---

**Vulcan**
152 Rock Quarry Road
Stockbridge, ga 30281
Distance: 23.55 mi
orange

S

---

[ Download Google Earth (KML) File ]

Data Hosted by BatchGeocode.com

# Rock Quarry Maps

Rock Quarry



○ orange ○ green

| | |
|---|---|
| **Vulcan**<br>Greer Dairy Road<br>Jackson, GA 30233<br>Distance: NaN mi<br>red | **A** |
| **Florida Rock**<br>474 Chappell Mill Road<br>Milner, GA 30257<br>Distance: 9.89 mi<br>orange | **B** |
| **Vulcan**<br>900 Lois St NW<br>Atlanta, GA 30318<br>Distance: 44.63 mi<br>orange | **C** |
| **Quarries Inc**<br>Lexington Carlton Rd<br>Crawford, GA 30360<br>Distance: 49.42 mi<br>green | **D** |
| **Ga-Carolina Quarries, Inc.**<br>Billy Stephens Rd<br>Lexington, GA 30648<br>Distance: 65.64 mi<br>green | **E** |

**orange County Quarries, Inc.**
Liberty Church Rd
Siloam, GA 30665
Distance: 55.62 mi
green

F

---

**Sweet City Quarries**
1706 Athens Hwy
Elberton, GA 30635
Distance: 83.97 mi
green

G

---

**Quarries Inc**
6971 Danburg Rd
Tignall, GA 30668
Distance: 88.75 mi
green

H

---

**Florida Rock**
100 Lees Mill Road
Forest Park, GA 30297
Distance: 33.24 mi
orange

I

---

**Hanson Aggregates**
6978 Rogers Lake Road
Lithonia, GA 30058
Distance: 32.85 mi
green

J

---

**Hanson Aggregates**
100 Peggy Lane
Tyrone, GA 30290
Distance: 38.04 mi
green

K

---

**Florida Rock**
240 Rockwood Road
Tyrone, GA 30290
Distance: 38.37 mi
orange

L

---

**Martin Marietta**
301 Park Mill Rd
Auburn, GA 30011
Distance: 53.21 mi
green

M

---

**Martin Marietta**
7856 Hwy 80 N
Thomaston, GA 30286
Distance: 31.96 mi
green

N

---

**Georgia Stone**
1870 Liberty Church Road
orangesboro, ga 30642
Distance: 51.11 mi
green

O

---

**Vulcan**
Vulcan Material Road
Lagrange, GA 30240
Distance: 62.43 mi
orange

P

---

**Vulcan**
5414 Buffing Road
orange Oak, GA 30272

Q

---

Distance: 38.71 mi
orange

**Florida Rock**
978 Rover-Zetella Rd
Griffin, GA 30223
Distance: 22.59 mi
orange

R

**Vulcan**
152 Rock Quarry Road
Stockbridge, ga 30281
Distance: 23.55 mi
orange

S

[ Download Google Earth (KML) File ]

Data Hosted by BatchGeocode.com

# Rock Quarry Maps

Rock Quarry



○ orange ○ green

---

**Vulcan**
Greer Dairy Road
Jackson, GA 30233
Distance: NaN mi
red

A

---

**Florida Rock**
474 Chappell Mill Road
Milner, GA 30257
Distance: 9.89 mi
orange

B

---

**Vulcan**
900 Lois St NW
Atlanta, GA 30318
Distance: 44.63 mi
orange

C

---

**Quarries Inc**
Lexington Carlton Rd
Crawford, GA 30360
Distance: 49.42 mi
green

D

---

**Ga-Carolina Quarries, Inc.**
Billy Stephens Rd
Lexington, GA 30648
Distance: 65.64 mi
green

E

---

**orange County Quarries, Inc.**
Liberty Church Rd
Siloam, GA 30665
Distance: 55.62 mi
green

F

**Sweet City Quarries**
1706 Athens Hwy
Elberton, GA 30635
Distance: 83.97 mi
green

G

**Quarries Inc**
6971 Danburg Rd
Tignall, GA 30668
Distance: 88.75 mi
green

H

**Florida Rock**
100 Lees Mill Road
Forest Park, GA 30297
Distance: 33.24 mi
orange

I

**Hanson Aggregates**
6978 Rogers Lake Road
Lithonia, GA 30058
Distance: 32.85 mi
green

J

**Hanson Aggregates**
100 Peggy Lane
Tyrone, GA 30290
Distance: 38.04 mi
green

K

**Florida Rock**
240 Rockwood Road
Tyrone, GA 30290
Distance: 38.37 mi
orange

L

**Martin Marietta**
301 Park Mill Rd
Auburn, GA 30011
Distance: 53.21 mi
green

M

**Martin Marietta**
7856 Hwy 80 N
Thomaston, GA 30286
Distance: 31.96 mi
green

N

**Georgia Stone**
1870 Liberty Church Road
orangesboro, ga 30642
Distance: 51.11 mi
green

O

**Vulcan**
Vulcan Material Road
Lagrange, GA 30240
Distance: 62.43 mi
orange

P

**Vulcan**
5414 Buffing Road
orange Oak, GA 30272

Q

Distance: 38.71 mi
orange

---

**Florida Rock**
978 Rover-Zetella Rd
Griffin, GA 30223
Distance: 22.59 mi
orange

R

---

**Vulcan**
152 Rock Quarry Road
Stockbridge, ga 30281
Distance: 23.55 mi
orange

S

---

[ Download Google Earth (KML) File ]

Data Hosted by BatchGeocode.com



**NORTH LAMAR COUNTY CITIZENS ASSOCIATION**

P.O. Box 516
Milner, Georgia  30257

*"QUALITY GROWTH, QUALITY LIFE"*

January 14, 2008

Maribeth Petrizzi
Chief, Litigation II Section
Antitrust Division, U.S. Department of Justice
1401 H Street, N.W.
Suite 3000
Washington, DC  20530

SUPPLEMENT TO COMMENT

Re:    USA DOJ v. Vulcan Materias Company and Florida Rock Industries, Inc., Case: !:07-cv-02044

Dear Ms. Petrizzi,

After sending our comment I realized there was no contact information included.  Accordingly, below is my contact information.  Also attached are photos showing that FRI has already begun working at the Lamar County Quarry/

If you have any questions, please feel free to call me.

Sincerely,

Jonathan P. Sexton
President, North Lamar County Citizens Association

Contact Jonathan P. Sexton
Phone:  770-474-9335
Fax:  770-474-7113
Email:  jonsclerk@yahoo.com







